1
2
3
4
5
6
7
8
9      **UNITED  STATES  DISTRICT  COURT**
10     **FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA**
11

| | | |
|---|---|---|
| 12  UNITED STATES OF AMERICA | ) | **Crim Case No. SA CR01-0093 DOC** |
| | ) | Civil Case No. SA CV08-0734 DOC |
| 13 | ) | |
| **Plaintiff(s),** | ) | |
| 14 | ) | |
| **v.** | ) | ORDER  GRANTING  IN  PART  AND |
| 15 | ) | DENYING  IN  PART  DEFENDANT'S |
| | ) | MOTION FOR RELIEF PURSUANT TO |
| 16  MASEIA BARDASIAN | ) | § 2255 |
| | ) | |
| 17 | ) | |
| **Defendant(s).** | ) | |
| 18 | ) | |
| _____ | ) | |
| 19 | | |

20
21         Before the Court is *pro se* Petitioner Maseia Bardasian's (1)Motion Under 28 U.S.C. § 3605
22     to Transfer Jurisdiction of His Supervised Release to the District of Nevada, (2) Motion Under 28
23     U.S.C. § 2255 to Vacate, set Aside, or Correct Sentence by a Person in Federal Custody, and (3)
24     Motion Under 28 U.S.C. § 2241 to Compel the United States Probation Office and Bureau of
25     Prisons to Provide Petitioner With Assistance to Relocate to the District of Nevada Pursuant to the
26     Second Chance Act of 2007.
27
28     **cc: USPO**

## I.     BACKGROUND

On June 25, 2001, pursuant to a plea agreement, Maseia Bardasian's ("Bardasian") entered a guilty plea to (1) aiding and abetting honest services mail fraud, in violation of 18 U.S.C §§ 1341, 1346, 2; and (2) aiding and abetting money laundering, in violation of 18 U.S.C. § 1956 (a)(1)(i), 2.  On July 1, 2002, the Central District Court of California sentenced Bardasian to 46 months of imprisonment on each count, with each of the terms to be served concurrently, a three year period of supervised release, restitution in the total amount of $10,949,214.70, and a special assessment in the amount of $300. The Central District Court of California further ordered a partial payment of $9,000 within six months of judgment. On March 17, 2008, the court found Bardasian in violation of supervision, revoked supervision, sentenced him to one year and one day in prison, and reinstated supervision for a period of 24 months under the same terms and conditions previously imposed on July 1, 2002.

On or before May 27, 2008, Bardasian filed a proposed relocation of supervision from the Central District of California to the Eastern District of California. On July 16, 2008, Bardasian's proposed relocation of supervision was approved by the Eastern District of California.  Bardasian was moved to a prison camp in Orangevale, California run by the Sacramento Community Corrections Office.  Due to overcrowding, Bardasian is serving the remainder of his sentence in a halfway house (RRC) in Oakland, California, which is the Northern District of California.  His release date is anticipated to be March 5, 2009.

On July 3, 2007, Bardasian filed the instant §2255 motion to vacate (the "Motion") requesting this court (1) transfer or compel the United States Probation Office ("USPO") and the Bureau of Prisons ("BOP") to transfer jurisdiction of his supervised release to the District of Nevada; (2) modify the terms of the restitution order; and (3) compel the USPO and BOP to provide defendant with assistance to relocate to the District of Nevada pursuant to the Second Chance Act of 2007.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 2241, governing habeas corpus petitions, provides that the ". . . application may be filed in the district court for the district wherein such person is in custody or in

1    the district court for the district within which the State court was held which convicted or sentenced

2    him..."

3             Title 18 U.S.C. § 3605 governs transfers of probation jurisdiction. This statute

4    provides:

5                A court, after imposing a sentence, may transfer jurisdiction over

6                a probationer or person on supervised release to the district court for

7                any other district to which the person is required to proceed as a

8                condition of his probation or release, or is permitted to proceed, with

9                the concurrence of such court.

10             "The statute gives a court discretion to order a transfer, but conditions transfer upon

11    the acceptance of jurisdiction by the court to which the transfer is made, and upon selection of a

12    district to which the probationer was required or permitted to proceed." *United States v. Ohler*, 22

13    F.3d 857, 858-859 (9th Cir. 1994).

14             A motion to vacate, set aside, or correct sentence of a person in federal custody

15    pursuant to  28 U.S.C. § 2255 entitles a prisoner to relief:

16                [i]f the court finds that...there has been such a denial or infringement of

17                the constitutional rights of the prisoner as to render the judgment

18                vulnerable to collateral attack.

19    The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings

20    were correct." *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan.2001)  In a successful

21    § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete

22    miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).  It is

23    important to note that "relief is not available merely because of error that may have justified reversal

24    on direct appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); United States v. Addonizio, 442

25    U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

26   **III.**     **STATEMENT OF JURISDICTION**

27             The Government alleges that the Central District of California no longer has

28    jurisdiction over Petitioner's §2241 claim because his custody was transferred to the Northern

District of California.  Under 28 U.S.C. § 2241, governing habeas corpus petitions, the ". . . application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted or sentenced him . . .."  Petitioner was convicted in the Central District of California.  He requested a transfer to the Eastern District of California, which was granted.  Due to overcrowding, he was transferred again to the Northern District of California and was held under pre-release conditions.  As of March 5, 2009, he has been released from custody and is no longer being held in custody under pre-release in the Northern District of California.  The terms of his supervised release require that he return to Santa Ana, California (Central District) within 72 hours of release from custody.  (Bardasian's Mot. at 2).

Petitioner was convicted and sentenced in the Central District of California. He is no longer incarcerated in either the Northern or Eastern District. The terms of his supervised release are in the Central District. Therefor, Central District of California exercises personal jurisdiction over Bardasian.

**IV.    DISCUSSION**

Petitioner Bardasian's instant § 2255 Motion contains several errors.  However, Petitioner is *pro se* and the court will address the issues Bardasian intended to include in his motion. These issues include a (1) a transfer of jurisdiction of his supervised release to the District of Nevada under 28 U.S.C. § 3605, (2) a request to modify the terms of the restitution order under § 2255, and (3) a request under §2241 that the USPO and BOP provide defendant with assistance to relocate to the District of Nevada pursuant to the Second Chance Act of 2007.

**A. Transfer of Jurisdiction of Supervised Release to the District of Nevada.**

Bardasian requests that his supervised release be transferred from the Central District of California to the District of Nevada, Reno Division.  He asks the court to take into consideration his residence, age, medical condition, and economic status.  Defendant has been a resident of Nevada since 1983. (Bardasian's Mot. at 2).  He is 76 years old and his wife is 78 years old. *Id*

4

Bardasian is retired and survives on a joint, fixed, Social Security check. Both Bardasian and his wife require continuing medical attention. (*Id*. at 4).  The Government argues only that Petitioner filed the incorrect motion and that his position is moot because he has been moved to the Northern District for pre-release transfer.

Under §3605, the court may transfer jurisdiction over a person on supervised release to the district court for any other district to which the person is permitted to proceed, with the concurrence of such court.  Under *Ohler*, the court has discretion to order the transfer, but the transfer is conditioned upon the acceptance of jurisdiction by the court to which the transfer is made. *Ohler,* at 858-859.

The Court, taking into consideration the Petitioner's age, residence, economic status, and medical condition, finds that Petitioner would suffer great hardship in being forced to relocate to the Central District to carry out his supervised release.  The Court grants Bardasian's request to transfer supervised release to the District of Nevada, Reno Division.  This transfer is conditional on the District of Nevada's acceptance of Bardasian's supervised release.

**B. Modification of the Terms of the Restitution Order Under § 2255**

Bardasian also requests the terms of his restitution order be modified.  The terms of his sentence require that, "[i]f any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $2,000.00 shall be made during the period of supervised release." (Government's Mot., Exhibit B). Bardasian requests that the payment schedule not exceed nominal monthly payments of $100.00, based on his ability to pay.  Bardasian only requests relief from restitution. He does not appealed his conviction or his custody.

The Ninth Circuit has held that § 2255 is only available to defendants who are in custody and claiming the right to be released.  *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). The Court has also held that modification of restitution claims may not be collaterally attacked under § 2255 because they do not result in a defendant's "release." *United States v. Theile*,

314 F.3d 399, 401-402 (9th Cir. 2002).  A habeas corpus petition cannot be used solely to challenge a restitution order. *Id*.

Accordingly, this Court declines to grant Bardasian's motion to modify the terms of his restitution. Because the Ninth Circuit has held that modification of restitution claims may not be challenged under § 2255, Petitioner will have to raise this issue on direct appeal.

### C. The United States Probation Office and Bureau of Prisons Should Be Compelled to Provide Petitioner With Assistance to Relocate to the District of Nevada Pursuant to the Second Chance Act of 2007

"It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984).  In *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam), the court explained:

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

In order to exhaust his remedies, a prisoner must first raise the complaint to the Warden of the institution where he is confined, and then may further appeal an adverse decision to the Regional Director and Central Office of the BOP.  *See* 28 C.F.R. 542.10 - 542.16.  According to the BOP, a prisoner has exhausted his remedies when all of the following have been completed: (1) informal resolution (Form BP-8), (2) formal written administrative remedy request (Form BP-9), (3) appeal to the Regional Director (Form BP-10), and (4) appeal to he General Counsel (Form BP-11). (Government's Mot., Exhibit F, Pg. 2, ln. 14-17).

A review of the records maintained by the BOP indicates that Bardasian has not exhausted his administrative remedies regarding the BOP's implementation of the Second Chance Act. *Id.* The BOP did not divulge which, if any, remedies Bardasian had exhausted. (*See* Government's Mot., Exhibit F).

Because the Petitioner still has remedies available within the BOP, his motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2241 cannot be brought at this time. Accordingly, the Court declines to compel the USPO and the BOP to provide Bardasian with assistance to relocate to the District of Nevada.

**V.     DISPOSITION**

For the reasons set forth above, Petitioner's motion is hereby:

(1) GRANTED as to petitioner's request to transfer supervised release to the District of Nevada and

(2) DENIED as to petitioner's requests to modify terms of restitution and compel the USPO and BPO to provide assistance under the Second Chance Act of 2007.

DATED: March 6, 2009

_David O. Carter_
_____
DAVID O. CARTER
United States District Judge

7